## Beaver Valley Water Company *v.* Conway Borough, Appellant.

*Water companies—Boroughs—Permit from borough.*

A borough ordinance requiring a water company to obtain a permit from the town council before proceeding to lay its mains through the streets of the borough, is a reasonable regulation. The borough has a right to know what streets are to be occupied, how long they are to be torn up while the company is excavating and laying pipes; and at what place and in what manner the mains are to be laid.

Under such an ordinance the application must be made to the town council and not to the burgess.

Argued Oct. 19, 1905. Appeal, No. 125, Oct. T., 1905, by defendant, from decree of C. P. Beaver Co., June T., 1905, No. 9, continuing preliminary injunction in case of Beaver Valley Water Company v. Conway Borough. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Bill in equity for an injunction.

WILSON, P. J., found the following facts :
1. The plaintiff, the Beaver Valley Water Company, is a

corporation of the commonwealth of Pennsylvania, organized and existing under an act of assembly approved April 29, 1874; and the defendants are a municipal corporation in the county of Beaver.

2. The plaintiff company has a right to lay its water mains in the streets and alleys of the borough of Conway for the purpose of supplying water to the inhabitants, subject to only such regulations as may be lawfully imposed by the proper authorities of said borough.

3. On March 14, 1903, ordinance No. 6, was approved by the burgess, after it was enacted by the town council and provides as follows:

"An ordinance regulating the opening of streets in the borough of Conway and providing a penalty for the violation thereof.

"Be it enacted and ordained by the town council of the borough of Conway, and it is hereby enacted and ordained by the authority of the same, that it shall be unlawful for any person or persons, corporation or corporations, to enter upon any of the streets and excavate same for the purpose of laying pipe or pipes for the transportation of gas or water or any other substance without first obtaining a permit from the town council of said borough granting them permission so to do.

"Any person or persons, corporation or corporations violating the provisions of the foregoing ordinance, shall upon conviction thereof before the burgess or any justice of the peace of said borough, forfeit and pay for the use of said borough a fine of not less than $25.00 nor more than $50.00, and in case of failure to pay said fine so imposed, shall be committed to the county jail for a period of not more than one day for each dollar of fine so imposed and not paid."

4. At No. 13, June Term, 1903, in the matter of a bill in equity, filed by the borough of Conway against the Beaver Valley Water Company, this court adjudicated and determined the rights of the plaintiff in the premises, and therein held and decreed that the plaintiff company had the right to enter upon the streets and alleys of the borough of Conway without the consent of the town council, subject only to such reasonable regulations as the proper authorities of said borough should impose.

5. On April 12, 1905, John T. Taylor, general manager of the plaintiff company, desiring to open certain streets in said borough for the purpose of laying water pipes to supply the inhabitants of said borough, at their request, with water, applied to the chief burgess for a permit and was refused, being informed at that time that the town council had directed him, the burgess, not to grant the permit, and further stated that the plaintiff company had no rights upon the streets of the borough.

The court entered a decree continuing the preliminary injunction.

*Error assigned* was the decree of the court.

*Forest G. Moorhead,* with him *Edwin S. Weyand,* for appellant.—The ordinance was reasonable : Freeport Borough v. Marks, 59 Pa. 253 ; People v. Cregier, 138 Ill. 401 (28 N. E. Repr. 812) ; Municipality v. Cutting, 4 La. Ann. 335 ; Oil City v. Trust Co., 151 Pa. 454 ; Gaslight Co. v. Rahway City, 58 N. J. Law, 510 (34 Atl. Repr. 3) ; Fisher v. Harrisburg, 2 Grant, 291 ; Commissioners v. Gas Co., 12 Pa. 318 ; Lansdowne Borough v. Springfield Water Co., 16 Pa. Superior Ct. 490 ; Water Co. v. Darby Boro., 199 Pa. 400.

*William A. McConnell,* with him *Lyon, McKee & Mitchell,* for appellee, cited : Springfield Water Co. v. Darby Borough, 199 Pa. 400 ; Lansdowne Borough v. Water Co., 16 Pa. Superior Ct. 490.

OPINION BY MR JUSTICE ELKIN, January 2, 1906 :

The only question arising on this appeal is whether the ordinance requiring the water company to obtain a permit from the town council before proceeding to lay its mains through the streets of the borough, is a reasonable regulation within the meaning of the act of assembly.

The defendant borough, through its town council, passed an ordinance which in substance provides that before any gas or water company shall enter upon the streets or alleys thereof for the purpose of laying mains or pipes, a permit must be obtained from the town council. It is contended here, and the court

below so held, that this is an unreasonable regulation, and therefore void and of no effect.

The plaintiff averred in the bill filed that the ordinance in question was unreasonable and was passed with the expectation and intention of depriving plaintiff from exercising its right to enter upon the streets and alleys of the borough. The learned court below granted a preliminary injunction on the ground that the ordinance was unreasonable because uncertain, and made the right of the plaintiff to enter upon the streets for the purpose of laying its water mains dependent upon the humor or caprice of the town council. The facts do not justify the conclusions reached in these respects. The town council cannot act arbitrarily or capriciously in such matters, and if any such attempt be made, the courts, if applied to, would promptly and effectively grant the necessary relief. In this case, however, defendant disavows any such intention, and there is nothing in the evidence to show that it is not acting in good faith. The borough has a right to know what streets are to be occupied; how long they are to be torn up while excavating and laying pipes; and at what place and in what manner the mains are to be laid.

It is proper and reasonable that these things should be considered when a permit is granted. What more reasonable regulation could be made than that a water company, about to enjoy the privilege and exercise the franchise of laying its mains on the streets of a borough, should first apply to the town council for a permit which must issue as of course upon compliance with such reasonable regulations as may be imposed by that official body. It is argued that the provisions of the ordinance were complied with by making application for a permit to the burgess, which was refused. The answer to this contention is, an application to the burgess is not a compliance with the ordinance. The application should have been made to the town council, and this was not done. The ordinance was a reasonable regulation imposed by the proper authorities and therefore valid. It was not complied with in the matter of obtaining a permit from the town council and the plaintiff is not entitled to the relief prayed for.

Order and decree of the court reversed at the cost of the appellee.